The opinion of the Court was delivered by
Dargan, Ch.
The litigation is this case arises on the construction of Burwell Chick’s will. The sixth clause of the will is as follows: “ I give to my son Reuben S. Chick, in trust for my daughter Caroline T. Hodges, the following property, to wit: Bill, Liggon, Daniel, Ritter, Emery, her . children, negro slaves ; also one lot in the town of Greenville, where my blacksmith shop stands on.” It will be observed ' that the property bestowed upon Caroline T. Hodges, is given ^expressly in trust.
In the eighth clause the testator says: “In estimating, heretofore given my children,” (he means to say, in estimating the property which I have heretofore given my children,) “ and what I have herein specially named for the benefit of each child, as well as I can judge, the value of each will be as follows, to wit: “ Pettus W. Chick’s portion is ten thousand eight hundred and ten dollars. Reuben S. Chick’s, ten thousand four hundred dollars. Maria H. Thompson’s, ten thousand eight hundred dollars. Louisa Y. Farrs’ portion ten thousand three hundred and fifty dollars. Caroline T. Hodges portion, nine thousand four hundred dollars. Wilhelmina Chaplin’s portion is nine thousand seven hundred and fifty dollars.”
In the ninth clause he says : “ It is my desire that my executors, after named have (power) as soon as convenient after my decease (to) divide my tract of land lying in Newberry and Union Districts, into three or four tracts, as in their judgment may be best, and sell the same on a credit of one, two and three years, bearing interest from date of sale; also my Sulphur Springs and Fleming tract, with all the furniture, *188 household and kitchen furniture, be sold in the same way; also my crop, my shares in the Rolling Mill; also my furniture at every place that I own, and all my stock at everyplace, and all and every thing that I possess, sold in like manner, not otherwise mentioned or given away.”
“ Tenth. It is my wish that each of my children or their trustees for them, should receive out of the proceeds of the sale of this property a sufficient sum to equalize them with my son Pettus W. Chick’s portion, that being the largest amount, and the surplus I wish equally divided in six parts 1 for the benefit of my six children, or the heirs of their ^ bodies.”
It is equally clear, that the sum which he gives his chil- ' dren, out of the proceeds of this sale, for the purpose of equaliz- ’ ing them with the portion of Pettus W. Chick, which is . §10,800, is intended, so far as the testator’s daughters are con-1» cerned to be given in trust, and' to the trustees already appointed as trustees of said daughters in regard to the property given to them, specifically, in the preceding clauses of the will. This is the decision of the Circuit decree, and there is no dissatisfaction with or appeal from that part of the decree.
But are the shares of the daughters, out of the proceeds of the sale of property directed to be made in the ninth clause, given to them in trust? The Chancellor who heard the cause? decided this question in the negative. From that part of the Circuit decree, an appeal has been taken; and that is the only question presented to this Court. The will is very inartisti-cally drawn, (prepared by the testator himself, it is said,) and no one can understand the discussion of the question before the Court, without a copy of the will before him.
This Court is of opinion, that the Chancellor was in error in holding that the shares which the testator’s daughters took, under the tenth clause of the will, were not given to them in trust. It will be borne in mind, that the property which the testator gave to his daughters, specifically, was given to trustees for their benefit; such, also, was the fact in reference to *189 the sums which he gave his daughters, out of the proceeds of the sale, to equalize them with the portion of Pettus W. Chick. It is not doubted that this equalizing sum was given in trust, as to his daughters, as we have already seen. It is apparent, then, that it was in conformity with the general intention of the testator, that his daughters should receive, in trust, the property which he had to bestow upon them.
In the eleventh clause, the testator says, “it is my wish that the trustees of each of my daughters shall vest all funds coming into their hands, from the provisions of the eighth article of this, my will, in lands where they may think best for my daughters, or their children.” On looking to the eighth clause, it will be perceived that it contains a recitation only, and no disposition of property whatever. In the ninth clause the testator directs the sale, and the terms of it. In the tenth, he disposes of the proceeds of that sale. When, in the eleventh clause, he directs the trustees of his daughters to invest the funds which shall come into their hands, from the provisions of the eighth' clause, he, evidently, makes a mistake, and means to refer to the tenth clause. On this construction, all difficulty on the question before the Court vanishes. It, then, becomes plain, that the shares which the daughters were to receive from the proceeds of the sale, directed in the ninth clause, should be settled upon them in trust, as were the other portions of his estate given to them by his will. The judgment of this Court is, that all the property, whatever, which Caroline T. Hodges takes, or is entitled to take, under the will of Burwell Chick, including her share of the proceeds of the sale directed by the ninth clause of said will, is given to, and is to be received by Reuben S. Chick, in trust, for the said Caroline T. Hodges, and is to be held by him for the purposes of the trusts declared in the said will.
It is ordered and decreed, that all the property, estate and funds, to which the said Caroline T. Hodges is entitled under the provision of the will of the skid Burwill Chick, be *190 delivered and paid to the said Reuben S. Chick, to be held by him in trust for the purposes above declared.
The same reasoning and construction apply to the dispositions of the -will in favor of Mrs. Maria Thompson, who has also appealed from Chancellor Dargan’s decree, on a ground similar to that taken by Mrs. Hodges. It is therefore ordered and decreed, that all property, estate and funds, to which Maria Thompson is entitled under the provisions of the will of the said Burwill Chick, be delivered and paid to her trustee, Reuben S. Chick, to be held by him for the purposes of the trust .declared in the will.
It is'ordered that the circuit decree of Chancellor Johnston and that of Chancellor Dargan, be mqdified accordingly.
Dünkin & Wardlaw, CC., concurred.

Decree modified.